UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Charles Tingler,   Case No. 3:23-cv-788

      Plaintiff,

  v.   MEMORANDUM OPINION
      AND ORDER

Chief Thomas Maike, et al.,

      Defendants.

*Pro se* Plaintiff Charles Tingler, brings this civil rights action against Bellevue Fire Department Chief Thomas Maike, Bellevue Safety Service Director William Brugnone, Sandusky County Building Department Chief Robert Kurtz, Sandusky County Health Department Employee Nina Johannsen, Huron County Prosecutor's Office Investigator Jeremy Draper, Huron County Assistant Prosecutor Jacob Stephens and Huron County Assistant Prosecutor James Sitterly. In his Complaint, Plaintiff alleges the Defendants conspired to close the building in which God's Caring Heart Ministry operates a homeless shelter where Plaintiff resides to retaliate against Plaintiff for filing public records requests. He claims the Defendants are interfering with his right of access to the courts in violation of the First Amendment. He seeks $ 1,750,000.00 in damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (Doc. No. 2). Defendants oppose the Application, stating first that the statements in the Application are inconsistent with the allegations in the Complaint, and therefore Plaintiff provided untrue statements to the Court. (Doc. No. 4). They also assert that Plaintiff's Complaint is the latest in a long line of frivolous Complaints

Plaintiff has filed in state and federal court to harass Sandusky and Huron County officials. They ask this Court to deny Plaintiff's *In Forma Pauperis* Application and enjoin Plaintiff as a vexatious litigant.

The Court issued an Order on May 31, 2023, staying the case and inviting Plaintiff to respond to the Opposition prior to June 30, 2023. (Doc. No. 5). Plaintiff responded to the Defendants' opposition on June 2, 2023, by supplying financial documents to supplement his Application. (Doc. Nos. 6 and 6-1). Those documents indicate Plaintiff receives $934.00 per month in Social Security disability benefits. (Doc. No. 6-1 at 1-2). Plaintiff attached a letter from God's Caring Heart Ministry indicating Plaintiff resides at the facility and has agreed to pay rent of $300.00 per month and $200.00 for utilities. (*Id.* at 4). The letter indicates that the payments are a donation, not a requirement for him to stay at the facility.

Plaintiff also attached copies of his Verizon cellular telephone bills which are roughly $200.00 per month for two lines. (*Id.* at 5-16). One line is for a Motorola Edge 5G UW 256 GB cellular telephone which he is purchasing on installments, with a 5G Play More Plan. He enrolled in the autopay feature. His second line through Verizon is attached to an iPhone 13 Pro 128 Sierra Blue cellular telephone. That phone is also purchased on an installment plan, with a 5G Get More Plan, that includes Apple Music and Apple Arcade. This phone is also attached to the autopay feature.

The current bill shows significant activity on both phone lines. In addition to those cellular telephones, Plaintiff has a third wireless cellular telephone, an Apple iPhone, through AT&T. (*Id.* at 17-20). He is purchasing this phone in installments from AT&T and maintains the Business Unlimited Elite plan set up on autopay. His bills for his AT&T phone are also roughly $100.00 per month. His AT&T bill indicates he made payments on this account through his Visa and his Discover card. He fails to list any credit cards on his *In Forma Pauperis* Application.

Finally, Plaintiff includes his April statement for his checking account through Chime. (*Id.* at 21-25). This account shows his social security disability payment deposited into his account and his AT&T bill being paid. Curiously, it does not show any payment to God's Caring Heart Ministry, or any payment to Verizon, which is set up on autopay. The account does not show a payment to Discover or any other credit card. Plaintiff did not disclose any other bank account to the Court.

Based on this information, the Court finds that Plaintiff has not satisfied the criteria of poverty. God's Caring Heart Ministry stated that his rent and utility payments were a donation, not a requirement, and while this may be quibbling as to the arrangement or underlying details, strictly speaking there is no proof of payment – either as payment or donation. Moreover, he has three 5G cellular telephones with three different telephone numbers, all of which he purchased on credit and are being paid off in installments. It is unclear why a homeless person, without a business, would require three cellular phones. Moreover, his monthly payments on these phones total approximately $300.00 per month. All of those accounts are set up on the autopay features, yet only one of the payments was seen on the monthly bank account statement he provided to the Court. This strongly suggests he has another bank account, or another means to pay the other bills which he has not disclosed to the Court.

I am required to dismiss a case in which the Plaintiff seeks pauper status at any time that I determine that the allegation of poverty is untrue. 28 U.S.C. 1915(e)(2)(A). *See Jones v. Mich. Dep't of Human Servs.*, No. 12-14466, 2013 WL 640771, at *1 (E.D. Mich. Feb. 21, 2013); *Thompson v. Carlson*, 705 F.2d 868, 869 (6th Cir. 1983); (*Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002). The purpose of 28 U.S.C. 1915(e)(2)(A) "is to weed out litigants who falsely understate their net worth in order to obtain *in forma pauperis* status when they are not entitled to that status based on their true net worth." *Jones*, 2013 WL 640771, at *1 (quoting *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997)). Therefore, "[n]ot every inaccuracy in an affidavit of poverty, no matter how

minimal, should be construed as a false allegation of poverty so as to cause loss of *in forma pauperis* eligibility and dismissal of the Complaint." *Robinson v. Koch Foods of Ala.*, No. 2:13-cv-557-WKW, 2014 WL 4472609, at *2 (M.D. Ala. Sept. 1, 2014) (quoting *Camp v. Oliver*, 798 F.2d 434, 438 n.3 (11th Cir. 1986)). I may take into consideration whether the Plaintiff acted in bad faith or made a deliberate misrepresentation of his or her income status.

In this case, Plaintiff used an outdated form that requires very little information for his Application. While the information he provided on his form is supported by the documentation, the form did not require elaboration or detail. At the very least, the documentation provided by Plaintiff calls into question whether the form gives an accurate picture of Plaintiff's financial status. It certainly does not appear that Plaintiff actually qualifies as a pauper.

Moreover, based on the information he did file with the Court, he has not demonstrated poverty. He earns, at a minimum, $934.00 a month. His rent and utilities are not requirements, but donations. There is no indication from his bank statement that he paid rent or utilities. He has three cell phones, two of which seem redundant. With $100.00 for transportation and $100.00 for food, he should still have sufficient funds left over at the end of the month from which to pay the filing fee for his case. His Application is denied.

Further, Plaintiff's repeated filings against public officials appear to be submitted in an attempt to harass them, rather than to gain any real relief. This is the seventh case Plaintiff has filed in this District Court against Huron, Ottawa, Erie, and Sandusky County officials, judges, and prosecutors, accusing them of misusing their public offices. *See Tingler v. Hoston*, 1:20-cv-02664-SO (N.D. Ohio Feb 23, 2021); *Tingler v. Hastings*, 1:22-cv-01769-BMB (N.D. Ohio Feb 16, 2023); *Tingler v. Levorchick*, 3:22-cv-00893-JGC (N.D. Ohio Sept. 2, 2022); *Tingler v. Levorchick*, 3:22-cv-01131-JGC (N.D. Ohio Mar. 27, 2023); *Tingler v. Blankenship*, 3:22-cv-01136-JGC (N.D. Ohio Mar. 27, 2023); *Tingler v. York*, 3:22-cv-01170-JGC (N.D. Ohio Mar. 27, 2023); *Tingler v. VanEerten*, 3:22-cv-01790-

JGC (N.D. Ohio Mar. 27, 2023). In sanctioning Plaintiff as a vexatious litigant, the Supreme Court of Ohio noted that Tingler filed eighty-four original actions in that court alone in a three-month period of time beginning in December 2022 and ending in February 2023. Plaintiff was enjoined from further filings by that on March 2, 2023. (Doc. No. 4-1 at 2).

Up to this point, the Courts in this District have been tolerant of Plaintiff's *pro se* filings; however, there comes a point when we can no longer allow Plaintiff to misuse the judicial system at tax-payer expense. The filing of frivolous lawsuits and motions strains an already burdened federal judiciary. As the Supreme Court recognized: "Every paper filed with the Clerk of ... Court, no matter how repetitious or frivolous, requires some portion of the [Court's] limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989). Our ability to perform our duties is compromised when we are forced to devote limited resources to the processing of repetitious and frivolous filings. *In re Sindram*, 498 U.S. 177, 179-80 (1991).

After a careful review of Plaintiff's conduct in this and other cases, I have determined that it is necessary to impose some restrictions on Plaintiff's ability to continue in this manner. Congress first enacted an *in forma pauperis* statute in 1892 "to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324, (1989) (citing *Adkins v. E.I. DuPont deNemours & Co.*, 335 U.S. 331, 342-43 (1948)). Proceeding *in forma pauperis* is a privilege, and not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir.1998); *Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir.1991); *Marshall v. Beshear*, No. 3:10CV-663-R, 2010 WL 5092713, at *3 (W.D. Ky. Dec. 7, 2010).

Federal courts may revoke or deny the privilege of proceeding as a pauper when a litigant abuses the privilege by repeatedly filing frivolous, harassing, or duplicative lawsuits. *See In re McDonald*, 489 U.S. 180, 184-85 (1989) (per curiam); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th

5

Cir.1989) (per curiam); *Levy v. Macy's, Inc.*, No. 1:13-cv-148, 2014 WL 49188, at *4 -5 (S.D. Ohio Jan. 7, 2014); *Hopson v. Secret Service*, No. 3:12CV-770-H, 2013 WL 1092915, at *1-3 (W.D. Ky. Mar. 15, 2013); *Marshall v. Beshear*, No. 3:10CV-663-R, 2010 WL 5092713, at *3 (W.D. Ky. Dec. 7, 2010); *Haddad v. Michigan Nat. Bank*, No. 1:09-cv-1023, 2010 WL 2384535, at *2-3 (W.D. Mich. June 10, 2010).

Plaintiff is hereby notified that he is enjoined from proceeding *In Forma Pauperis* in any future action in this Court and must pay the full filing fee to initiate an action. He is further cautioned that if he continues to file frivolous or harassing lawsuits, the Court may impose additional restrictions, and enjoin him from filing any new actions without first obtaining leave of court.

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is denied, (Doc. No. 2), and this action is dismissed. I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This case is closed. Furthermore, Plaintiff is enjoined from proceeding *In Forma Pauperis* in future actions and must pay the full filing fee to initiate a new case.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge